```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :    [PROPOSED]
                                 :    ORDER
          - v. -                 :
                                 :    21 Cr. 521 (KMK)
VERNON E. COPELAND, III,         :
                                 :
                    Defendant.   :
                                 :
- - - - - - - - - - - - - - - - x
```

KENNETH M. KARAS, United States District Judge:

WHEREAS the Court and the parties seek to ensure that VERNON E. COPELAND (the "Defendant") continues to have meaningful access to review discovery and other case materials while detained by the Bureau of Prisons;

WHEREAS, counsel for the Defendant has requested approval for the use of CJA funds to purchase a laptop for the Defendant who wishes to review discovery materials produced by the Government and therefore needs to have access to an electronic device under the terms ordered below. Defense counsel represents that without this laptop the defendant will be unable to review effectively the discovery material that the Government has provided pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

The application is granted as follows:

1. Defense counsel is authorized to procure with CJA funds, a laptop computer, headphones, and any subsequent

external hard drives that may be required to provide the defendant with access to the discovery (collectively, the "Electronic Device") for purposes of the discovery review. Counsel shall provide the Electronic Device to a third party vendor who shall review the Electronic Device and confirm that the wireless and printing capabilities are disabled in a manner acceptable to the facility in which the defendant is lodged. A third party vendor shall load on to the Electronic Device such software as the defendant will need to review and make notes on the discovery. A third party vendor shall set a password protected administrative account on the Electronic Device that is separate from the defendant's password protected user account to prevent any user from making changes to the Electronic Device.

2. Either defense counsel or a third party vendor shall provide the Electronic Device to the Government. Each Electronic Device will be clearly marked with the Defendant's name and Marshal's registration number.

3. The Government shall save the discovery onto the Electronic Device as well as on subsequent external hard drives that may be required to provide the defendant with access to the discovery.

4. The Government shall confirm that the discovery is viewable on the Electronic Device (for example, that the

2

audio recordings and video play on the Electronic Device) prior to sending it to the facility where the Defendant is housed.

5. Within 30 days of receipt of the Electronic Device, the Government shall send the Electronic Device to an Officer designated by each facility to receive the electronic device. The designated Officer shall keep the Electronic Device and charging wire in their office.

6. The Defendant can access the Electronic Device for review on a temporary basis and at times approved by prison or other supervisory personnel.

7. The Defendant is prohibited from copying any information from the discovery.

8. After he is finished reviewing the discovery for any given day, the Defendant shall return the Electronic Device to the designated Officer or other supervisory personnel.

9. The Defendant is strictly prohibited from printing, copying, sending, publishing, or transferring any of the discovery materials on the Electronic Device. It is the intent of this Order that only Defendant assigned to a particular Electronic Device (and his counsel and any other members of his legal defense team, including investigators. Paralegals, and support staff, as needed to confer with the Defendant) will have access to the discovery materials on the Electronic Device.

10. The Defendant shall execute an agreement setting forth his understanding that:

    a. he may use the Electronic Device for the sole purpose of reviewing discovery and legal materials that relate to his criminal case;

    b. his review is subject to the Protective Order issued by this Court;

    c. he shall not share the Electronic Device, the Discovery Material, or the other materials loaded onto the Electronic Device with other incarcerated individuals or with any attorney not appointed to this case without an order of this Court;

    d. he will not access or attempt to access the internet or any form of wireless communication; and

    e. he will forfeit his right under this Order to use the Electronic Device and that he may expose himself to criminal prosecution for possessing or distributing a "prohibited object" as that term is defined in 18 U.S.C. § 1791(d) in the future, should he violate any of these understandings.

11. This Court will revisit this Order and any Defendant's access to the Electronic Device if it appears the Defendant is not abiding by this Order.

12. IT IS FURTHER ORDERED that no later than the conclusion of the proceedings against the defendant in the district court, whether through dismissal of the charges against the defendant or the sentencing of the defendant, the defendant or the Bureau of Prisons, whichever is in control of the Electronic Device, shall return the Electronic Device to his counsel or to the Government, who will promptly provide it to the Administrative Office of the U.S. Courts if it was purchased with CJA funds.

SO ORDERED:

Dated:   White Plains, New York
         December 12, 2022

_____
HONORABLE KENNETH M. KARAS
United States District Judge

AGREED AND CONSENTED TO:
Dated: December 12, 2022
New York, New York

                    DAMIAN WILLIAMS
                    United States Attorney
                    Southern District of New York

           By:  _____
                Lindsey Keenan
                Assistant United States Attorney

Dated: December 12, 2022
White Plains, New York

                        VERNON E. COPELAND, III

By: _____
           Daniel A. Hochheiser, Esq.
           Counsel for Vernon E. Copeland, III