FROM: 89226510
TO:
SUBJECT: HABEAS CORPUS WRIT
DATE: 06/24/2024 02:47:42 PM

# MEMO ENDORSED

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

VERNON COPELAND
    PETITIONER
V.

Case No. 21-CR-521-KMK

UNITED STATES OF AMERICA
    RESPONDENT

## HABEAS CORPUS WRIT

I move this court to take admin and judicial notice' to notice of the following:

1). I am seeking release from custody, I have been illegally held in violation of eight amendment cruel and usually punishment. The Federal Court lacks statutory and constitutional power to adjudicate the case. The United States District Court cannot invoked 18 U.S.C. 3231, and has acted outside of the United States, whereas the venue is not proper pursuant 28 U.S.C. 1406, I am Requesting dismissal in the interest of justice. pursuant Fed. R. Civ. P. 12(b) improper venue. The Federal District of Columbia and congress cannot punish felonies generally, thus, whatever effect pursuant 18 U.S.C. in generally, this federal court lack the authority. Justice Thomas concerning. Your writer believes that the purpose of the substantial effect test, i.e., to expand the jurisdiction of the federal government in violation of the Constitution is proven by the approx. 219,000 federal inmate's being held for crimes over which the federal government has ZERO jurisdiction or judicial authority under the Constitution to prosecute. Even if Congress could constitutionally regulate activity under a "substantial effects test," this does not enlarge the jurisdiction to punish felonious crimes. We have already that federal jurisdiction , which is necessary to punish felonious crimes (except where the power to punish has been delegated by enumeration), cannot be expanded through legislation. Again the supreme court has explained that: Congress cannot by legislation enlarge the federal jurisdiction, nor can it be enlarged by the treaty-,making power. New Orleans v. United States, 35 US 662, 10 Pet 662, 736 - 737 9 Led 578 (1836).

2). am invoking Habeas Corpus : you have the body. the writ of habeas corpus, known as the GREAT WRIT, has varied use in criminal and civil contexts. It is a procedure for obtaining a judicial determination of the legality of an individuals custody. Technically, it is used in the criminal law context to bring the petitioner before the court to inquire into the legality of his confinement. 488 F. 2d 218, 221.
The writ of the federal habeas corpus is used to test the Constitutionality of a state criminal conviction. It pierces through the formalities of a state conviction to determine whether the conviction is consonant with due process of law. 261 U.S. 86. Issues not raised in the state proceeding generally cannot be raised in a federal habeas petition under the doctrine of exhaustion. 456 U.S. 107. The writ's usage has been limited by recent Supreme Court opinions. See, e.g. 455 U.S. 509. The writ is used in the civil context to challenge the validity of child custody deportations, and civil commitment to mental institutions.

                Affirmation And Respectfully Submitted
                A sworn true testimony before [Titus 1:2]

                Servant of Christ Jesus

                By: _____

The Petition is dismissed without prejudice.  Defendant is being held in prison after being sentenced on 6/25/24 to life imprisonment following his conviction, after a jury trial, of three crimes related to his rape of his daughter.  Venue was proper and the Petition raises no other specific reasons for Petitioner's release.  Moreover, Petitioner's time to appeal has not yet run, so he retains the right to challenge his conviction in the Second Circuit.  Counsel for Petitioner is directed to provide a copy of this document to Petitioner.

So Ordered.  [signature]   6/26/24