UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

Case No. 21-CR-521 (KMK)

VERNON E. COPELAND III,

ORDER

*Defendant*.

---

KENNETH M. KARAS, United States District Judge:

Judgment was entered against Vernon E. Copeland III ("Defendant") in the above-captioned criminal case on August 20, 2024, after a jury found him guilty on one count of coercion and enticement, in violation of 18 U.S.C. § 2422(b), one count of aggravated sexual abuse, in violation of 18 U.S.C. § 2241(c), and one count of transportation of a minor, in violation of 18 U.S.C. § 2423(a). (*See* Judgment (Dkt. No. 121).) Defendant appealed from this Court's judgment. (*See* Notice of Appeal (Dkt. No. 122).)

Before the Second Circuit, Defendant submitted a counseled brief arguing that various decisions by the Court were erroneous and that the evidence submitted at trial was insufficient to establish his guilt beyond a reasonable doubt. (*See generally* Dkt. No. 28 (Dkt. 24-2219).) The Government submitted an opposition brief, (*see* Dkt. No. 34 (Dkt. 24-2219)), and Defendant submitted a counseled reply, (*see* Dkt. No. 39 (Dkt. 24-2219)). A panel of the Second Circuit Court of Appeals affirmed this Court's judgment by summary order on December 19, 2025. *See United States v. Copeland*, No. 24-2219, 2025 WL 3687268 (2d Cir. Dec. 19, 2025) (summary order). Defendant, wishing to petition for rehearing or rehearing en banc, sought appointment of counsel for those purposes, which was denied, and requested an extension of time to file his

petition, which was granted. (*See* Dkt. No. 48; Dkt. No. 51 (Dkt. 24-2219).) Eventually, Defendant also filed in the Second Circuit a letter motion suggesting he was "waiting on [this Court] to give [him] what [materials he] need[s] to create [his] brief." (Dkt. No. 69 (Dkt. 24-2219).) At the time of this Order, the mandate still has not issued in the Second Circuit. (*See generally* Dkt. (Dkt. 24-2219).)

In the meantime, Defendant has filed a flurry of motions (the "Motions") before this Court. (*See generally* Dkt.) The majority of these Motions challenge the merits of the judgment issued by the Court and the sentence imposed. (*See* Mental Competence Obj. (Dkt. No. 132) (contending that Defendant's "mental health created ineffective assistance of counsel"); Batson Rule Obj. (Dkt. No. 133) (objecting on the basis that the jury "contained no members who were of African de[s]cent" nor "members who were biracial"); Mot. for Ineffective Assistance of Counsel (Dkt. No. 134) (objecting to asserted "lack of communication," "no objections on the record," and asserted "refus[al] to build a record for [Defendant's] appeal"); Obj. No Fatico Hearing (Dkt. No. 138) (objecting to an asserted excessive number of points given by the probation department in the PSR, and to certain of the Court's evidentiary rulings); Obj. to Coerce to Engage in Sexual Conduct Using the Internet (Dkt. No. 140) (arguing that the Government did not adduce sufficient evidence of coercion, sought to entrap Defendant, and misrepresented certain evidence); Obj. to Complaining Witness Being Placed in Fear of Death (Dkt. No. 141) (arguing certain testimony was admitted erroneously); Obj. to Lack of Limiting Instructions (Dkt. No. 142) (contending that certain limiting instructions should have been given); Obj. to Mots. in Limine (Dkt. No. 143) (objecting to one of the Government's motions in limine); Obj. to Complaining Witnesses Testimony (Dkt. No. 144) (arguing that testimony was

2

contradictory and unsupported by forensic evidence); Obj. to Exclusion of Defense Evidence (Dkt. No. 147) (contending that the exclusion of evidence violated Defendant's constitutional rights); Obj. to Obstruction of Justice Enhancement (Dkt. No. 148) (objecting to the imposition of an enhancement due to Defendant's conduct at trial); Obj. to Gov.'s Characterization of Grooming (Dkt. No. 149) (objecting to the Government's argument that Defendant groomed certain witnesses); Letter from Vernon E. Copeland to Court (Apr. 13, 2026) (Dkt. No. 152) (citing case law in support of ineffective assistance of counsel argument); Obj. to Transcripts and Mot. to Supplement Record (Dkt. No. 153) (suggesting, without support, that "all" transcripts had been altered and requesting "audio recordings" as well as transcripts).)  In response to an order by the Court, (*see* Mem. Endorsement dated Mar. 24, 2026 (Dkt. No. 139)), the Government filed a response opposing Defendant's requests, (*see* Mem. in Opp'n by United States ("Opp'n") (Dkt. No. 146)).

To the extent that Defendant's Motion(s) could be construed as a petition pursuant to 28 U.S.C. § 2255, that request is denied as premature without prejudice to renew once the direct appeal of this case is complete.  "A criminal defendant is generally required to pursue a direct appeal before bringing a Section 2255 motion." *Olivo v. United States*, No. 22-CR-0582, 2025 WL 2411136, at *1 (S.D.N.Y. Aug. 20, 2025) (citing *United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011)).  While there exists no jurisdictional bar to the adjudication of a § 2255 motion while a direct appeal is pending, this review "should proceed only in extraordinary circumstances given the potential for conflict with the direct appeal," and out of concern for judicial economy. *Id.* (quotation marks and citation omitted).  The Court sees no reason to deviate from that sound practice here.  Accordingly, the Court considers any request made under § 2255 to be premature.

3

If Plaintiff wishes, once the mandate has issued, to file a § 2255 petition challenging his judgment of conviction or sentence, he is referred to the Rules Governing Section 2255 Proceedings for the United States District Courts, which are available at the following url: https://www.uscourts.gov/file/27805/download. [1]

To the extent that these Motion(s) could be construed as any other type of request, Court cannot entertain them, as it lacks jurisdiction over the merits of Defendant's case. As the Supreme Court has explained, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). This Court "does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). Although the Court's judgment was affirmed by summary order, *see Copeland*, 2025 WL 3687268, no such mandate has yet issued, (*see generally* Dkt. (Dkt. No. 24-2219)), and additional filings may yet occur in the Court of Appeals.

In several of the Motions, rather than challenging his conviction or sentence, Plaintiff requests certain documents from this Court that relate to the proceedings. These include: the jury instructions, evidentiary rulings, verdict sheet, the Pre-Sentence Report, the Pre-Sentence

---

[1] Denial of this Motion without prejudice does not trigger the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), such that AEDPA would bar him from later filing such a request. *See* 28 U.S.C. § 2255h. An initial habeas corpus petition "that is dismissed without prejudice because it contains curable procedural defects or because it presents unexhausted claims is not a first petition for purposes of §§ 2244 and 2255." *Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004).

Investigation, Trial Transcripts, Sentencing Transcripts, Written Orders, Rule 29 Motions and Orders, Motions in Limine, Suppression Rulings, Defense Objections, the "Court['s] [W]ritten Bench Rulings," and Limiting Instructions. (Request for Docket and Information to File a Brief in the Second Circuit (Dkt. No. 150); *see also* Mot. for Clarification 1 (Dkt. No. 129); Letter from Vernon Copeland III to Court (Mar. 8, 2026) (Dkt. No. 131); Letter from Vernon Copeland III to Court (Mar. 16, 2026) (Dkt. No. 137).) He also requests that certain of these materials be sent to an individual named "Megan Love." (*See* Letter from Vernon Copeland III to Court (Mar. 16, 2026).) He further requests a copy of the full docket. (*See* Letter from Vernon Copeland III to Clerk of Court (Dkt. No. 151).)

Relatedly, Defendant objects to the case being "sealed," on the basis that materials related to the case, he says, are not available on Lexis. (Obj. to the Case Being Sealed (Dkt. No. 136).) This Action is not sealed. (*See generally* Dkt.) However, it is often the case that court filings are not available in their entirety on Lexis or Westlaw. Rather, materials filed in court cases as well as dockets are presumptively public, and available via pacer.uscourts.gov. The fee for copies of the electronic docket sheet and materials filed therein is $0.10 per page. Accordingly, in so far as Defendant has requested that the docket be unsealed, that request is denied as moot.

As to Defendant's requests for copies of materials, the Government objects, taking the position that he has not demonstrated his entitlement to free copies and that his requests are premature. (Opp'n 5–6 & n.3.) The Government's brief cites certain statutes and case law governing the issuance of copies of portions of the record and transcripts. (*Id.* at 5–6.) The Government correctly identifies that two different statutes apply to the Court's the issuance of

such materials free of charge.  (*See id.*)  The first, 28 U.S.C. § 2250, states that an indigent

petitioner may be provided with free "copies of . . . documents or parts of the record on file."

The statute, however, applies only "on an[ ] application for a writ of habeas corpus."  *Id.*  As

described above, Defendant has not filed a timely application for a writ of habeas corpus.

The second statute governing the relief Defendant seeks is 28 U.S.C. § 753(f). In relevant

part, § 753(f) provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under
> the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to
> persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the
> United States out of moneys appropriated for those purposes.  Fees for transcripts
> furnished in proceedings brought under [28 U.S.C. § 2255] to persons permitted to
> sue or appeal in forma pauperis shall be paid by the United States . . . if the trial
> judge or a circuit judge certifies that the suit or appeal is not frivolous and that the
> transcript is needed to decide the issue presented by the suit or appeal.  Fees for
> transcripts furnished in other proceedings to persons permitted to appeal in forma
> pauperis shall also be paid by the United States if the trial judge or a circuit judge
> certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753(f).  In so far as these materials are being sought for an eventual timely § 2255

petition, the Second Circuit has held that both "the plain language and necessary operation" of §

753(f) require that "a motion for a free transcript . . . is not ripe until a § 2255 motion has been

filed."  *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (per curiam).  There is no

timely petition, so the transcripts cannot be authorized for that purpose.  *See* 28 U.S.C. § 753(f)

(requiring a showing that "not frivolous and that the transcript is needed to decide the issue

presented by the suit or appeal"); *Crossley v. United States*, 538 F.2d 508, 509 (2d Cir. 1976)

(holding that a "naked allegation" of a deprivation of a constitutional right could not support the

issuance of transcripts to prepare for § 2255 motion was insufficient); *Gunn v. United States*, No.

14-CV-3228, 2014 WL 6769698, at *1 (S.D.N.Y. Nov. 24, 2014) (denying request for transcripts in the absence of a timely § 2255 claim and non-frivolous argument).

Additionally, in some circumstances "[f]ree transcripts must be provided to an indigent defendant if they are necessary to vindicate a legal right and are otherwise available for a fee." *United States v. Agbodjan*, 871 F. Supp. 2d 95, 102 (N.D.N.Y. 2012); *see also Leslie v. Matzkin*, 450 F.2d 310, 312 (2d Cir. 1971) ("Indigent defendants are entitled to free copies of transcripts only when they are *needed* to vindicate legal rights." (emphasis in original)).  Courts consider two factors, "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." *Britt v. North Carolina,* 404 U.S. 226, 227 (1971).  The value of a transcript does not require a showing of need tailored to the facts of the particular case.  *Id.* at 228.  The Government then bears the burden of suggesting alternative devices other than the grant of a transcript.  *Id.* at 230.  Defendant has been treated as indigent and received a CJA appointment both in this Court and in his direct appeal.  (*See* Dkt. (Dkt. No. 24-2219).)  In his request(s) for free transcripts, he did not indicate how they would be helpful in vindicating a legal right or in preparing for additional appellate proceedings.  Therefore, Defendant's request will be denied without prejudice to renewal.

In so far as these materials are sought for the direct appeal, Defendant must explain why the remaining proceedings in his appeal are not frivolous and/or the "value of the transcript" as to the proceedings, particularly in light of the summary order affirming this Court's judgment.

Without such an explanation, the Court cannot make the required certification or determine that the transcripts are necessary to vindicate a legal right.[2]

As to Defendant's Pre-Sentence Report ("PSR"), he has a right to review and access this document, including pursuant to the FOIA. *United States Department of Justice v. Julian*, 486 U.S. 1 (1988). As the Government notes, however, individuals incarcerated in Bureau of Prisons Facilities "are prohibited from obtaining or possessing photocopies of their PSRs . . ." (Opp'n 3 n.1.) *See* BOP Program Statement 1351.05, 16 (last visited Apr. 16, 2026) https://www.bop.gov/policy/progstat/1351_005_CN-1.pdf. It appears, however, that Defendant may review a copy "with unit staff" in their facility "in accordance with the Program Statement on Inmate Central File, Privacy Folder, and Parole Mini-File." *Id.* The Court sees no reason why Defendant cannot avail himself of this opportunity, and he does not represent that he has made any such request.

If Defendant would like a copy of his docket sheet, or any other information contained in his docket—such as the docket, the Court's written Orders, the transcript, or the Parties' Motions in Limine—he must pay the appropriate fee to the Clerk of Court. *See* 28 U.S.C. § 1914. Payment should be forwarded to the Clerk of Court and a copy of the docket will then be mailed to Defendant.

Finally, Defendant requests that he be "appointed pro se." (Mot. for Pro Se (Dkt. No. 145).) This appears to be a request that he be listed as attorney of record on the Second Circuit's

---

[2] To the extent that Defendant seeks materials that are not made publicly available in the course of regular litigation—*i.e.*, the verdict sheet, the "Pre-Sentence Investigation," and the Court's "[W]ritten Bench Rulings"—he has not shown how or why he might be entitled to those materials. And to the extent that Defendant seeks "Rule 29 Motions and Orders," the Court cannot clearly discern to what materials he is referring. (*See generally* Dkt.)

docket. (*See id.*) This Court has no authority to order the Clerk of Court for the Second Circuit to make any alterations to that Court's docket, and so cannot grant the relief Defendant requests. *Cf. Hubbert v. New York*, No. 20-CV-232, 2020 WL 1820502, at *2 (W.D.N.Y. Apr. 10, 2020) (denying motion where relief would require the court to issue an order beyond the scope of its authority).

The Clerk of Court is respectfully directed to terminate the Motions pending at Dkt. No. 129, Dkt. No. 130, Dkt. No. 134, Dkt. No. 145, and Dkt. No. 153. As described above, these denials are without prejudice to renewal. The Clerk of Court is further respectfully directed to mail a copy of this Order to Defendant.

SO ORDERED.

DATED:     April 17, 2026
             White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

9