Case 7:21-cr-00521-KMK Document 224 Filed 09/04/26 Page 1 of 6

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

September 4, 2026

**BY EMAIL**

The Honorable Kenneth M. Karas
United States District Court Judge
Southern District of New York
Hon. Charles L. Brieant, Jr. United States Courthouse
300 Quarropas Street
White Plains, New York 10601

**Re: *United States v. Vernon Copeland*, 21 Cr. 521 (KMK)**
**Response to Defendant's Emergency Motions (Dkt. Nos. 218 and 219)**

Dear Judge Karas:

Pursuant to the Court's Orders (Dkt. Nos. 220 and 221), the Government respectfully submits this letter responding to defendant Vernon Copeland's Emergency Motion For Appropriate Medical Accommodation And Restoration Of Medically Necessary Medication And Ambulatory Aid, Or, In The Alternative, For Judicial Recommendation And Other Appropriate Relief (Dkt. No. 218) (the "Medical Motion") and Memorandum Of Law In Support Of Emergency Motion For Judicial Recommendation For Prompt Transfer From USP Lewisburg To Designated Destination Facility (the "Transfer Motion") (collectively, the "Motions"). For the reasons set forth below, the Motions should be denied in their entirety.

## I. Background

After a five-day trial, Copeland was convicted on July 14, 2023 of the following charges arising from his repeated rape and sexual abuse of his daughter when she was between the ages nine and thirteen years old: coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Count One); aggravated sexual abuse of someone who was not yet 12 years of age, in violation of 18 U.S.C. § 2241(c) (Count Two); and transportation of a minor with the intent that the minor engage in sexual activity, in violation of 18 U.S.C. § 2423(a) (Count Three). On June 25, 2024, the Court sentenced him to life imprisonment, and judgment was entered on August 20, 2024. On April 27, 2026, the Second Circuit issued its mandate affirming the judgment. (Dkt. 162).[1]

[1] At this time, the defendant has two pending Second Circuit appeals (Case Nos. 26-1128 and 26-1450), the first of which appears to include a petition for writ of habeas corpus for Copeland seeking transfer from the Metropolitan Detention Center—Brooklyn ("MDC") (where he was then detained) and the second of which appears to be an appeal of the Court's previous orders (Dkt. No. 154) denying Copeland's prior requests for relief. At this time, these Government believes these

Case 7:21-cr-00521-KMK Document 224 Filed 09/04/26 Page 2 of 6



## II. Copeland's Motions

Copeland filed his Medical Motion on or about August 31, 2026. Dkt. No. 218. In it, he alleges "medical, ambulatory, communication, and legal-mail circumstances . . . concer[ing his] present confinement" at Federal Correctional Institution Lewisburg ("FCI Lewisburg'), which is located in Lewisburg, Pennsylvania. *Id.* at 2. Like several of his past emergency motions, the Medical Motion alleges that he has been deprived of medication and a "medically necessary cane," and that these deprivations have impaired his ability to participate in "ongoing judicial proceedings." *Id.* at 5-6. Copeland requests that the Court grant his request for injunctive relief, namely, that the Court order the medical staff at Lewisburg to medically evaluate him for, among other things, his medication regimen and the provision of an ambulatory device. *Id.* at 7. He has not alleged that he has exhausted all available administrative remedies.

Copeland filed his Transfer Motion on or about August 31, 2026. Dkt. No. 219. Copeland requests a transfer from FCI Lewisburg, where he is currently housed, to another facility that can better accommodate his medical needs and allow him to better participate in his legal matters. *Id.* at 1 (stating that the Transfer Motion involves "adequate medical treatment and meaningful access to courts."). Copeland requests that the Court "recommend," among other things, his prompt transfer from FCI Lewisburg to a "medically appropriate" facility, that Bureau of Prisons ("BOP") officials consider his medical and legal communication needs, and that medical treatment not be interrupted while Copeland is at FCI Lewisburg. *Id.* at 1. Again, he has not alleged that he has exhausted all available administrative remedies.

## III. Legal Standard

"It is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to." *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997). Although district courts are obligated to construe *pro se* petitions liberally and interpret them "to raise the strongest argument they suggest," a *pro se* litigant is not exempt "from compliance with the relevant rules of procedural and substantive law," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75, 477 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (noting that the obligation to construe *pro se* pleadings liberally extends to the review of *habeas* petitions).

Where a federal prisoner seeks to challenge the execution of his sentence, including his conditions of confinement, the proper vehicle is a petition for writ of *habeas corpus* under 28 U.S.C. § 2241. *See e.g.*, *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) ("A challenge to the *execution* of a sentence . . . is properly filed pursuant to § 2241," and "includes matters such as the . . . prison conditions." (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir.2001)); *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (stating that a § 2241 petition may be used to seek relief from, among other things, "prison conditions in the facility where he is incarcerated");

---

appeals are moot because Copeland is no longer being detained at the MDC, and thus a ruling on the pending motions related to Copeland's housing at FCI Lewisburg should not affect these pending appeals.

Case 7:21-cr-00521-KMK Document 224 Filed 09/04/26 Page 3 of 6



*Acevedo v. Capra*, 545 F. Supp. 3d 107, 117 (S.D.N.Y. 2021) ("[L]ongstanding Second Circuit precedent indicated that [the defendant] could challenge [his] conditions [of confinement] pursuant to § 2241, which our Court of Appeals has interpreted as covering such claims."); *Zaragosa-Solis v. Fed. Bureau of Prisons*, No. 24-CV-2901 (ALC), 2024 WL 3318220, at *2 (S.D.N.Y. June 17, 2024) ("The Second Circuit has previously held a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is available, and may be the preferred avenue, for federal prisoners seeking to challenge the execution of their sentences, including their conditions of confinement."). Requests for medical care fall under post-conviction challenges to conditions of confinement.[2] *See United States v. Needham*, 460 F. Supp. 3d 323, 325 (S.D.N.Y. 2020) ("[The defendant's] request for medical treatment is akin to a *habeas* petition under 28 U.S.C. § 2241"); *United States v. George*, 2016 WL 843282, at *5 (E.D.N.Y. Mar. 1, 2016) (finding defendant's motion for review of BOP medical treatment was a challenge to his prison conditions and thus should be construed as habeas petition under § 2241).

"[T]o entertain a habeas petition under § 2241, a court must have jurisdiction over the petitioner's custodian." *Needham*, 2020 WL 2512105, at *2; *see Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("[T]he proper respondent to a habeas petition is the person who has custody over the petitioner." (internal quotation marks, citation, and alteration omitted)); *United States v. Vittini-Morey*, No. 99 CR 893 (SAS), 2007 WL 510095, at *2 (S.D.N.Y. Feb. 15, 2007) ("[T][he proper respondent in a petition brought under section 2241 is the warden who has physical custody of the defendant."). "Thus, a section 2241 petition must be brought in the district in which the petitioner is incarcerated, not the district in which petitioner was sentenced. Accordingly, the only proper

---

[2] Before a district court can recharacterize a motion as a § 2241 *habeas corpus* petition and decide the petition on the merits, it normally must provide a petitioner with both notice of the consequences of filing a petition under § 2241 and an opportunity to withdraw the motion. *See Simon v. United States,* 359 F.3d 139, 145 (2d Cir. 2004) (finding that district court's *sua sponte* recharacterization of petitioner's motion as a § 2241 *habeas corpus* petition was improper in light of "various potential obstacles to relief on successive § 2241 petitions"). This is because, like *habeas* petitions filed under 28 U.S.C. §§ 2254 and 2255, Congress has severely limited a prisoner's ability to file multiple *habeas* petitions under § 2241. *See Simon*, 359 F.3d at 143 n.7 (noting that federal courts have been given the statutory authority under 28 U.S.C. § 2244(a) to "dismiss § 2241 habeas petitions when they raise claims that have already been decided on the merits in a prior § 2241 petition."). To the extent the Court decides the Motions on the merits, it should follow *Simon*'s mandate and provide Copeland with notice and an opportunity to withdraw his Motions. However, to the extent the Court dismisses the Motions on jurisdictional grounds—as the Government believes the Court should—it can do so without providing Copeland notice or an opportunity to withdraw his motion because dismissal on jurisdictional grounds does not trigger the restrictions associated with "second or successive" *habeas* petitions. *See Geddes v. Lindsay*, No. 07-CV-5054 (NGG), 2008 WL 2620129, at *2 n.1 (E.D.N.Y. July 1, 2008) ("Because this court dismisses Petitioner's motion on jurisdictional grounds, however, any subsequent section 2241 motion made by Petitioner would not be subject to section 2244."); *Duamutef v. I.N.S.*, 386 F.3d 172, 176 n.3 (2d Cir. 2004) (holding that although if the district court had failed to give the petitioner notice and an opportunity to withdraw his motion prior to recharacterization, the prisoner's § 2241 petition was decided on jurisdictional grounds, and therefore, the petitioner was not prejudiced)

Case 7:21-cr-00521-KMK Document 224 Filed 09/04/26 Page 4 of 6



venue for review of a section 2241 petition is in the district of confinement." *Vittini-Morey*, 2007 WL 510095, at *2; *see United States v. Zehner*, No. 19 CR. 485 (AT), 2020 WL 3057759, at *2 (S.D.N.Y. June 8, 2020) ("Venue for a habeas petition under § 2241, therefore, generally lies in the district of confinement."); *Padilla*, 542 U.S. 443 ("[F]or core habeas petitions challenging the present physical confinement, jurisdiction lies in only one district: the district of confinement."); *United States v. Davis*, No. 12-CR-712 (SHS), 2025 WL 404475, at *1 (S.D.N.Y. Feb. 5, 2025) ("District courts may only grant habeas petitions 'within their respective jurisdictions,' 28 U.S.C. § 2241(a), and a district court has jurisdiction over the habeas petition only if it has jurisdiction over the petitioner's custodian.").

A federal prisoner bringing a § 2241 petition challenging the execution of his sentence must exhaust all available administrative remedies before filing his pleading. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). Failure to exhaust is a procedural default that will be excused only upon a showing of cause and prejudice. *See id.* at 630, 633-34. A court may also excuse a litigant's failure to exhaust when: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) [an] administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Batista v. Orange Cnty. Dep't of Mental Health*, No. 1:20-CV-5733 (LLS), 2020 WL 5751512, at *3 (S.D.N.Y. Sept. 24, 2020) (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)).

## IV. Discussion

Copeland's Motions are, in substance, both post-conviction challenges to the conditions of his confinement at a federal correctional facility and seek relief in the form of a medical evaluation for further medical treatment and a recommendation that Copeland be transferred from FCI Lewisburg to a facility that can better address his medical and/or legal-access needs. The Court should therefore treat both his Motions as petitions for writ of *habeas corpus* under § 2241. *See Needham*, 460 F. Supp. 3d 325 ("[The defendant's] request for medical treatment is akin to a *habeas* petition under 28 U.S.C. § 2241"); *George*, 2016 WL 843282, at *5 (finding defendants motion for review of BOP medical treatment was a challenge to his prison conditions and thus should be construed as a § 2241 *habeas* petition); *see also Jabarah v. Garcia*, No. 08CIV3592, 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) (holding that a § 2241 petition is the appropriate vehicle for the defendant to litigate claims that the a correctional facility improperly restricted his legal access to counsel and non-legal mail); *Lesane v. Tellez*, No. 21-CV-2074 (LTS), 2021 WL 3500916, at *3 (S.D.N.Y. Aug. 4, 2021) (dismissing a § 2241 petition alleging tampering with legal mail because of lack of jurisdiction).

As § 2241 petitions, Copeland's Motions suffer multiple jurisdictional and procedural defects that warrant dismissal.[3] *First*, Copeland failed to bring his Motions against the proper respondent, the warden of FCI Lewiburg. *Padilla*, 542 U.S. at 434 ("The proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" (quoting 28 U.S.C. § 2242). *Second,* even if Copeland were to amend his Motions to include the proper respondent, the Court has no jurisdiction over the warden of FCI Lewisburg because FCI Lewisburg is not located in the

[3] The Court dismissed prior § 2241 petitions on jurisdictional grounds. *See* Dkt. No. 211.

Case 7:21-cr-00521-KMK Document 224 Filed 09/04/26 Page 5 of 6



Southern District of New York. *Allen v. Lindsay*, No. 09-CV-1283 KAM, 2010 WL 5067907, at *3 (E.D.N.Y. Dec. 7, 2010) ("[B]ecause Allen is currently in custody at the Lewisburg facility, any 2241 habeas petition arising out of his conditions of confinement must be brought in the appropriate district court in Pennsylvania.").[4] *Third*, even if Copeland's Motions were amended with the right respondent and filed in the right district, he has failed to allege any facts showing that he has exhausted his administrative remedies or that he should be excused from his failure to exhaust.

With respect to the request that the Court issue a "recommendation" for transfer, even if the Court did have jurisdiction—which, to be clear, the Court does not—such a recommendation is wholly inappropriate. As the Government has laid out in its past response to Copeland's emergency motions, *see* Dkt. No. 211, and the Government's sentencing letter, *see* Dkt. 116, Copeland has a long and well-documented history of malingering and lying about his physical and mental conditions in order to manipulate the judicial process and his treatment at correctional facilities. Furthermore, he continues to file "emergency motions" on this Court's docket despite his awareness that his filings should be filed in the district where he is being held. *See* Dkt. No. 218, at 8 ("Mr. Copeland acknowledges that he is presently confined at FCI Lewisburg in Pennsylvania and that this Court may conclude that a direct challenge concerning the conditions or execution of his present confinement must be pursued in another court with appropriate jurisdiction."). As a *pro se* defendant, he is afforded some leeway with respect to interpreting his legal claims, but he is not excused "from compliance with the relevant rules of procedural and substantive law," *Triestman*, 470 F.3d 471, 474-75, 477 (per curiam) (internal quotation marks and citations omitted) (emphasis omitted). To the extent that he wishes to receive relief, he should file his future requests in the proper district.

---

[4] Even though Copeland's Medical Motion differs from his past 2241 motions because it requests a "medical evaluation" for treatment rather than direct medical treatment, the lack of jurisdiction bars the Court from issuing any order compelling FCI Lewisburg act when the Court has no jurisdiction over the facility.

Case 7:21-cr-00521-KMK Document 224 Filed 09/04/26 Page 6 of 6



**V. Conclusion**

For the reasons stated above, the Court should deny the defendant's Motions in their entirety for lack of jurisdiction or, in the alternative, transfer the matter to the Middle District of Pennsylvania.[5]

In prior rulings, the Court has made clear to Mr. Copeland that any complaints about the conditions of his confinement must be filed in the district court where he is confined. That is the case here, as Mr. Copeland is being housed in the Middle District of Pennsylvania. Thus, his motions seeking medical relief and/or transfer are denied. Mr. Copeland is advised that any future motions regarding his conditions of confinement should be filed in the district where he is confined. The Clerk is respectfully directed to terminate the motions (Doc. # 218, 219) and mail this document to Mr. Copeland.

So Ordered.

9/4/26

Respectfully,

JAMES M. MCDONALD
United States Attorney

by: /s/
Timothy Ly
Assistant United States Attorney
(212) 637-1062

Cc: Vernon Copeland, *pro se* (by ECF and Certified Mail)

[5] "While courts have broad discretion to transfer actions to other judicial districts in the interest of justice, they may also dismiss claims brought in the wrong district." *Needham*, 460 F. Supp. 3d at 326 (citing 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") and *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)).